ERIC HEARNSBERGER AND JANICE ELAINE HEARNSBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hearnsberger v. Commissioner
Docket No. 6157-82
United States Tax Court
T.C. Memo 1983-386; 1983 Tax Ct. Memo LEXIS 398; 46 T.C.M. (CCH) 645; T.C.M. (RIA) 83386; July 5, 1983. Eric Hearnsberger, pro se. Thomas Norman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON,Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *399 OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $698. Concessions having been made by the parties, the only remaining issue for decision is whether petitioners are entitled to deduct as educational expenses under section 162 the costs associated with taking a flight training course reimbursed by the Veterans Administration. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition in this case, petitioners were residents of Houston, Texas. From January 1, 1979 to September 19, 1979, Eric Hearnsberger (hereinafter petitioner) was a pilot in the United States Air Force. From September 20, 1979 to October 4, 1979, petitioner was unemployed. During the remainder of 1979, petitioner was employed as a flight engineer by Delta Airlines. During 1979, petitioner enrolled in and completed a flight training course entitled "CE 500 Type Rating" from Union Flights, Sacramento, California. The total tuition and fees for the training course was $4,970. Pursuant to 38 U.S.C. sec. 1677 *400 (1976), petitioner applied for and received in 1979 benefits in the amount of $4,473 (90 percent of the cost) from the Veterans Administration (VA) with respect to the training course. On his 1979 Federal income tax return, petitioner excluded the VA benefits from income, but claimed a deduction for the educational expenses incurred. At trial, respondent conceded that petitioner was entitled to deduct nonreimbursed expenses, leaving the reimbursed amount of $4,473 as the only disputed amount in issue. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), this Court dealt with the issue as to whether VA reimbursed avaiation training expenses are deductible to the extent of the reimbursement. We held that section 265 prohibits the deduction of these reimbursed expenses because the expenses are allocable to exempt income. Our holding in that case is controlling here and we therefore conclude that petitioner's claimed deduction is not allowable under section 265 to the extent of $4,473. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.